**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#9**
**JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-6838 PSG (MRWx) | Date | November 27, 2012 |
|---|---|---|---|
| Title | *800 Degrees, LLC v. 800 Degrees Pizza, LLC* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | | |
|---|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):        Attorneys Present for Defendant(s):

       Not Present                                      Not Present

**Proceedings:**     **(In Chambers) Order Granting Defendant's Motion for Lack of Personal Jurisdiction**

      Before this Court is Defendant's Motion to Dismiss For Lack of Personal Jurisdiction. Dkt. # 9. The Court finds the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); Local R. 7-15. After considering the moving and opposing papers, the Court hereby GRANTS the Motion to Dismiss for Lack of Personal Jurisdiction.

**I.**     <u>Background</u>

      Plaintiff sued 800 Degrees Pizza, LLC for trademark infringement, unfair competition, and false designation of origin. *See generally Compl.* Plaintiff's pizzeria is located in Westwood, California. *Compl.* ¶ 2. Defendant's pizzeria is located in Ft. Wayne, Indiana. *Compl.* ¶ 3.[1] Plaintiff alleges that Defendant has used marks that are identical to, or indistinguishable from, Plaintiff's federally registered trademark. *Id.* Defendant moves to dismiss the Complaint for lack of personal jurisdiction. *See* Dkt. # 9.

**II.**     <u>Legal Standard</u>

---

[1]Plaintiff asserts that Defendant operates two pizzerias; however, Defendant clarifies that it operates one pizzeria in Ft. Wayne, 800° Three Fires. Another company, 800 Degrees, LLC, which is not a party to this action, operates another pizzeria, 800° Wood Fired Pizza. *Reply* 4:16-23; *Supp. VanBusKirk Decl.* ¶¶ 6-7.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#9
JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-6838 PSG (MRWx) | Date | November 27, 2012 |
|---|---|---|---|
| Title | *800 Degrees, LLC v. 800 Degrees Pizza, LLC* | | |

When a defendant moves to dismiss for lack of personal jurisdiction under Rule 12(b)(2) of the Federal Rules of Civil Procedure, the plaintiff bears the burden of establishing that jurisdiction is appropriate. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). Where, as here, the court makes its jurisdictional finding based on pleadings and affidavits rather than after holding an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts. *Caruth v. Int'l Psychoanalytical Ass'n*, 59 F.3d 126, 128 (9th Cir. 1995); *see also Rano v. Sipa Press, Inc.*, 987 F.2d 580, 587 n.3 (9th Cir. 1993).

In determining whether the plaintiff has presented a prima facie case, the court must assume the truth of the complaint's uncontroverted allegations. *Harris Rutsky & Co. Ins. Serv., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1129 (9th Cir. 2003). However, once the defendant has contradicted allegations contained in the complaint, the plaintiff may not rest on the pleadings, but must instead present admissible evidence to support the court's exercise of personal jurisdiction. *Data Disc, Inc. v. Sys. Tech. Ass'n, Inc*., 557 F.2d 1280, 1284 (9th Cir. 1977). Just as the court will accept plaintiff's uncontroverted jurisdictional allegations as true, the court will also resolve any factual disputes in plaintiff's favor. *See Harris Rutsky*, 328 F.3d at 1129 (citations omitted).

III.    Discussion

Generally, determining whether personal jurisdiction exists over an out-of-state defendant involves two inquiries: (1) whether the forum state's long-arm statute permits the assertion of jurisdiction and (2) whether assertion of personal jurisdiction violates federal due process. *Fireman's Fund Ins. Co. v. Nat'l Bank of Coops.*, 103 F.3d 888, 893 (9th Cir. 1996) (citations omitted). However, because California's long-arm jurisdictional statute is coextensive with federal due process requirements, *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998) (citing Cal. Civ. Proc. Code § 410.10), the two inquiries merge and the court need only determine whether the assertion of personal jurisdiction over the defendant violates the Due Process Clause. *Rocke v. Canadian Auto. Sport Club,* 660 F.2d 395, 398 (9th Cir. 1981). Accordingly, jurisdiction is proper over a nonresident defendant "if the defendant has certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation marks and citation omitted). Under this analysis, a state may exercise either "general" or "specific" jurisdiction over a defendant. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-15 (1984).

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#9**
**JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-6838 PSG (MRWx) | Date | November 27, 2012 |
|---|---|---|---|
| Title | *800 Degrees, LLC v. 800 Degrees Pizza, LLC* | | |

    A.    <u>General Jurisdiction</u>

    The Court first considers whether general jurisdiction exists in this case. For general jurisdiction to exist over a nonresident defendant, the defendant must engage in "continuous and systematic general business contacts," *Helicopteros*, 466 U.S. at 416 (citation omitted), that "approximate physical presence" in the forum state. *Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000).

    The Complaint contains no allegations that Defendant's contacts are so "continuous and systematic" that general jurisdiction is warranted. *See Helicopteros*, 466 U.S. at 418. Factors considered in evaluating the extent of contacts include whether the defendant makes sales in the forum state, solicits or engages in business in the forum state, designates an agent for service of process in the forum state, holds a license in the forum state, or is incorporated in the forum state. *Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000). Plaintiff contends that general jurisdiction exists because Defendant purchases tomatoes from California. *Opp.* 4:3-6. Notwithstanding Defendant's assertion that it exclusively purchases its tomatoes from a supplier in Indianapolis, purchasing goods from California would not constitute "systematic and continuous" contacts required to establish general jurisdiction. *See CFA N. Cal. Inc., v. CRT Partners, LLP*, 378 F. Supp. 2d 1177, 1185 (N.D. Cal. 2005) (finding no general jurisdiction where Defendant placed orders for and received goods from California suppliers). Accordingly, the Court finds general jurisdiction lacking in this case.

    B.    <u>Specific Jurisdiction</u>

    The Court next considers whether there is specific jurisdiction in this case. Such specific jurisdiction requires a showing that:

    (1) The non-resident defendant . . . purposefully direct[ed] [her] activities or consummate[d] some transaction with the forum or resident thereof; or perform[ed] some act by which [she] purposefully avail[ed] [herself] of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

    (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#9
JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-6838 PSG (MRWx) | Date | November 27, 2012 |
|---|---|---|---|
| Title | *800 Degrees, LLC v. 800 Degrees Pizza, LLC* | | |

(3) the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.*, it must be reasonable.

*Schwarzenegger*, 374 F.3d at 802 (citation omitted). The plaintiff bears the burden of satisfying the first two prongs of the test. *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990). If the plaintiff fails to satisfy either of these prongs, personal jurisdiction is not established in the forum state. *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1555 (9th Cir. 2006). If, however, the plaintiff succeeds in satisfying the first two prongs, the burden then shifts to the defendant to "present a compelling case" that the exercise of jurisdiction would be unreasonable. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-78 (1985).

        1.    *Purposeful Availment/Direction*

Under the first prong of the controlling test, Plaintiffs must establish that Defendant either purposefully availed itself of the privilege of conducting activities in California or purposefully directed its activities toward California. *Schwarzenegger*, 374 F.3d at 802 (citation omitted). Courts in this Circuit generally apply a purposeful direction analysis derived from the "effects" test articulated in *Calder v. Jones*, 465 U.S. 783 (1984). *See Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002). The effects test requires a showing that the defendant (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state. *Id.*; *see also Bancroft & Masters*, 223 F.3d at 1087.

Here, the Complaint does not contain any allegations that Defendant purposely directed its activities toward California. Plaintiff argues that it would be fair for the Court to exercise jurisdiction because Defendant operates an interactive website that offers downloadable menus and user comments, purchased the tomatoes it uses in its pizzas from California, purchased the term "800 Degrees" as a keyword from Google, and purchased pizza ovens from a California company. *Opp.* 7:26-8:10. Plaintiff also contends that Defendant intentionally used the phrase 800° in its restaurant names even though it was on notice of Plaintiff's trademark. However, none of these contacts could be considered purposeful availment.

First, Defendant's website is passive. Defendant notes in its Reply that Plaintiff confused its website with a website operated by 800 Degrees, LLC for 800° Wood Fired Pizza. *Reply* 4:16-23; *Supp. VanBusKirk Decl.* ¶¶ 6-7. Because 800 Degrees, LLC is not a Defendant to this action, its website should not be considered as part of the Court's jurisdictional analysis.

O

#9
JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 12-6838 PSG (MRWx) | Date | November 27, 2012 |
|---|---|---|---|
| Title | *800 Degrees, LLC v. 800 Degrees Pizza, LLC* | | |

Defendant's website is highly passive because it merely advertises the restaurant and includes a downloadable employment application. It does not purposefully avail Defendant of the protection of the forum state because it does not target California residents. There is no evidence that California residents have purchased anything from Defendants, nor is there evidence that California residents have applied for employment through Defendant. The Ninth Circuit has recognized that a website that merely advertised to web browsers does not confer specific jurisdiction. *See Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414 (9th Cir. 1997) ("[N]o court has ever held that an Internet advertisement alone is sufficient to subject the advertiser to jurisdiction in the plaintiff's home state. Rather, in each, there has been 'something more' to indicate that the defendant purposefully (albeit electronically) directed his activity in a substantial way to the forum state" (citations omitted)).

     As to the other contacts, Defendant declares under penalty of perjury that it has neither purchased tomatoes from California nor AdWords from Google (a California based company). *Reply* 9:20-24; *Supp. VanBusKirk Decl.* ¶ 12. *See* 557 F.2d at 1284. The purchasing of pizza ovens is also not sufficient to confer jurisdiction. *Fujitsu-ICL Sys., Inc. v. Efmark Serv. Co. of Illinois, Inc.*, 00-CV-0777 W (LSP), 2000 WL 1409760 (S.D. Cal. June 29, 2000) ("Defendant's mere purchase of goods and services from a California business does not meaningfully contribute to the specific jurisdiction analysis.").

     Finally, Plaintiff argues that Defendant intentionally adopted and used the phrase 800° in its restaurant names even though it was on notice of Plaintiff's trademark. However, because Defendant was formed in May 2011 and Plaintiff's evidence of its registration mark states that Plaintiff first used it in commerce in January 2012, there is no way that Defendant could have intentionally used Plaintiff's mark in forming its restaurant names. *Def. RJN, Compl.*, Ex. A. Plaintiff has also not shown any evidence that it has suffered harm based on Defendant's alleged use of its trademark.

     In summary, Plaintiffs have failed to adequately demonstrate that Defendant purposely directed its activity toward California. For this reason alone, the Court cannot exercise personal jurisdiction over Defendant. *Pebble Beach Co.*, 453 F.3d at 1155.

     Since Plaintiffs cannot satisfy the first prong of the jurisdictional analysis, there is no need for the Court to determine whether Plaintiffs can satisfy the second or third prongs.

IV.    <u>Conclusion</u>

**O**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**#9**
**JS-6**

### CIVIL MINUTES - GENERAL

| Case No. | CV 12-6838 PSG (MRWx) | Date | November 27, 2012 |
|---|---|---|---|
| Title | *800 Degrees, LLC v. 800 Degrees Pizza, LLC* | | |

    Based on the foregoing, the Court GRANTS Defendant's motion to dismiss for lack of personal jurisdiction.

    **IT IS SO ORDERED.**